UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER ZELIZNAK,<br><br>      Plaintiff,<br><br>vs.<br><br>DT SWISS, INC.,<br><br>      Defendant. | CIVIL ACTION NO. 2:23-1756 |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant DT Swiss, Inc. ("DT Swiss" or "Defendant"), by and through its attorneys, hereby removes the above-captioned action from the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446. In support of this Notice of Removal, Defendant states as follows:

**I.   BACKGROUND AND TIMELINESS**

1. On April 13, 2023, Plaintiff Christopher Zeliznak ("Plaintiff") initiated this action by filing a Complaint in the Philadelphia County Court of Common Pleas, captioned *Christopher Zeliznak vs. DT Swiss, Inc.*, Case No. 230401311 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders that have been filed and/or served in the State Court Action are as **Exhibit 1**.

2. The Complaint asserts a claim for products liability (defective design) against DT Swiss.

3. On April 17, 2023, DT Swiss received service of a copy of the Complaint via certified mail.

4. This Notice of Removal is being filed within thirty days of Defendant's receipt of service of the Summons and Complaint, as required by 28 U.S.C. § 1446(b)(1).

## II. THE ACTION IS REMOVABLE BASED ON DIVERSITY JURISDICTION

5. Pursuant to 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

6. This Court has original jurisdiction over this action because this is an action between citizens of different States and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### A. The Parties Are Diverse

7. Plaintiff alleges that he resides in Mont Clare, Pennsylvania, thereby making Plaintiff a citizen of the Commonwealth of Pennsylvania for diversity purposes. Compl. ¶ 1; 28 U.S.C. § 1332(a)(1).

8. 28 U.S.C. § 1332 defines corporate citizenship as follows: "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

9. A corporation's principal place of business is the place where the corporation's officers direct, control and coordinate the corporation's activity, and, in practice, that place "should normally be the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

10. DT Swiss is incorporated in Colorado with its principal place of business in Colorado. Compl. ¶ 2. DT Swiss is therefore a citizen of the State of Colorado for purposes of diversity. 28 U.S.C. § 1332(c)(1).

11.     Because Plaintiff is a Pennsylvania citizen and Defendant is a Colorado citizen, the parties are of diverse citizenship pursuant to 28 U.S.C. § 1332(a).

**B.     The Amount in Controversy Exceeds $75,000**

12.     Diversity jurisdiction under 28 U.S.C. § 1332(a) also requires that the amount in controversy, exclusive of interest and costs, be in excess of $75,000.

13.     28 U.S.C. § 1446 governs the procedure for removal of action and provides, in pertinent part, as follows:

> If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>   (A) the notice of removal may assert the amount in controversy if the initial pleading seeks—
>     (i) nonmonetary relief; or
>     (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>   (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446(c)(2).

14.     Here, Plaintiff claims damages "in excess of $50,000" and seeks punitive damages; therefore, the amount in controversy exceeds $75,000. Further, counsel for DT Swiss, Inc. has conferred with counsel for Plaintiff, who confirmed that the amount in controversy is in excess of $75,000.

15.     Plaintiff alleges "serious and permanent injuries," which have resulted in "pain and suffering," "disfigurement," "loss of life's pleasures," "lost wages and/or loss of future earning capacity," "medical bills," and "medical treatment." Compl. ¶ 14; *see also Schor v. State Farm Fire and Cas. Ins. Co.*, No. CIV.A. 15-610, 2015 WL 1230200, at *4 n.1 (E.D. Pa., Mar. 18, 2015)

(holding that a defendant's concession as to the amount in controversy pled in the complaint does not translate into a concession as to the merits or adequacy of the plaintiff's pleading).

16. Courts have routinely found the amount in controversy is satisfied where a plaintiff alleges a serious personal injury along with pain and suffering. *See, e.g.*, *Berry v. Wal-Mart Stores, E., L.P.*, 583 F. Supp. 3d 671, 676–78 (E.D. Pa. 2022) ("Generally, where severe injuries are noted along with pain and suffering, this is sufficient to place a defendant on notice that the amount in controversy exceeds $75,000."); *see also Russo v. Wal-Mart Stores E., L.P.*, No. 17-454, 2017 WL 1832341, at *2 (M.D. Pa. May 8, 2017); *Bracken v. Dolgencorp, LLC*, No. 18-4703, 2018 WL 6249715, at *1 (E.D. Pa. Nov. 29, 2018); *Gutierrez v. Pennington*, No. 06-CV-03070, 2006 WL 8460382, at *2 (E.D. Pa. Sept. 15, 2006).

17. Additionally, "[w]hen both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied." *Minissale v. State Farm Fire & Cas. Co.*, 988 F. Supp. 2d 472, 476 (E.D. Pa. 2013); *see also Neri v. State Farm Fire & Cas. Co.*, No. CV 19-0355, 2019 WL 3821538, at *3 (E.D. Pa. Aug. 13, 2019); *Thach v. State Farm Fire & Cas. Co.*, No. CV 19-5050, 2020 WL 3892964, at *3 (E.D. Pa. July 10, 2020).

18. While Defendant believes Plaintiff's claim for punitive damages is without merit, punitive damages are available in product liability cases. *See Thomas ex rel. Thomas v. Staples, Inc.*, 2 F. Supp. 3d 647, 663 (E.D. Pa. 2014) ("Pennsylvania has adopted the Restatement (Second) of Torts as the standard for punitive damages. The Restatement (Second) provides: 'Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others.'").

19.     Accordingly, the amount in controversy is in excess of $75,000, exclusive of costs and interest, based on the injuries Plaintiff alleges and the damages Plaintiff seeks.

20.     Because this action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

### III.    VENUE AND NOTICE

21.     Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

22.     Pursuant to 28 U.S.C. § 101, this Court embraces the Court of Common Pleas of Philadelphia County; therefore, this Court is the appropriate venue for removal of this action. 28 U.S.C. § 1441(a).

23.     Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action shall be promptly served upon Plaintiff and a Notice of Filing of Notice of Removal will be filed with the Office of Judicial Records of the Court of Common Pleas of Philadelphia County, Pennsylvania. A true and accurate copy of the proposed Notice of Filing of Notice of Removal is attached hereto as **Exhibit 2**.

### IV.    CONCLUSION

24.     For all the foregoing reasons, complete diversity exists between Plaintiff, a citizen of Pennsylvania, and Defendant, a citizen of Colorado, and the amount in controversy exceeds $75,000. Accordingly, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a).

25. Defendant does not waive, and hereby expressly reserves, its right to assert any and all available legal defenses, including the right to assert such defenses in subsequent proceedings. Further, Defendant does not admit any allegations in Plaintiff's Complaint.

WHEREFORE, Defendant DT Swiss, Inc. respectfully requests that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Court of Common Pleas for Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

Dated: May 8, 2023

Respectfully submitted,

ROBINSON & COLE LLP

By:  /s/ *Elizabeth R. Leong*
Elizabeth R. Leong (ID No. 80094)
1650 Market Street
Suite 3030
Philadelphia, PA 19103
Tel: (860) 275-8245
eleong@rc.com

-and-

Jeffrey J. White (*pro hac vice motion forthcoming*)
Trevor L. Bradley (*pro hac vice motion forthcoming*)
280 Trumbull Street
Hartford, CT 06103
Tel: (860) 275-8200
jwhite@rc.com
tbradley@rc.com

*Attorneys for DT Swiss, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal was served by electronic mail and U.S. Mail, postage prepaid, this 8th day of May, 2023 on the following:

Joseph T. Piscitello
Piscitello Law
234 Delancey Street
Philadelphia, PA 19335
joe@piscitellolaw.com
*Attorney for Plaintiff*

                                            /s/ *Elizabeth R. Leong*
                                            Elizabeth R. Leong